EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JULIO RODRÍGUEZ ROJAS, acusado y apelante.

*Número:* CR-66-440      *Resuelto:* 29 de junio de 1967

*Enrique Miranda Merced, Edna Abruña Rodríguez* y *E. Armstrong de Watlington*, abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El fiscal formuló acusación contra Julio Rodríguez Rojas c/p Carlos Pazos Santana por una infracción al Art. 152 del Código Penal (Fuga) imputándole que "allá para el día 13 de febrero de 1966 y en Santurce, Puerto Rico, que forma parte de la jurisdicción del Tribunal Superior de Puerto Rico, Sala de San Juan, ilegal, voluntaria, maliciosa y criminalmente, se dio a la fuga del Hospital Municipal de Santurce a donde había sido trasladado desde la Cárcel de Distrito La Princesa, para ser atendido de una herida que presentaba en el abdomen. Este acusado se encontraba sumariado en la Cárcel de Distrito La Princesa por orden de la Corte Federal de Estados Unidos, Distrito de Puerto Rico, por voz del Comisionado Harley Miller, por los delitos de Infracción a la Ley de Drogas y Soborno con fianza montante a $100,000.00."

Celebrado el juicio correspondiente fue declarado culpable y sentenciado a cumplir un año y medio de cárcel, con trabajos forzados.

En diciembre de 1965 el acusado fue recluido en la Cárcel de Distrito "La Princesa", como sumariado, en virtud de dos órdenes de reclusión expedidas por el comisionado federal Harley A. Miller, y cuyas órdenes se conocen en inglés como "Temporary Commitment" y "Final Commitment". (1)

---

(1) Dichos documentos rezan así:

"District Court of the United States

JUDICIAL DISTRICT OF PUERTO RICO

. . . . . . Division

Commissioner's Docket No. 1
Case No. 15

| UNITED STATES OF AMERICA | ) | TEMPORARY COMMITMENT |
| v. | ) | of |
| CARLOS PAZOS SANTANA AKA | ) | CARLOS PAZOS SANTANA AKA |
| JULIO RODRÍGUEZ ROJA | ) | JULIO RODRÍGUEZ ROJA |

To the United States Marshal of the JUDICIAL District of PUERTO RICO:

You are hereby commanded to take the custody of the above named defendant and to commit him with a certified copy of this commitment to

En la noche del 13 de febrero de 1966, el acusado fue trasladado de la Cárcel "La Princesa" por un guardia penal al Hospital Municipal de Santurce para ser atendido de una

the custodian of a place of confinement within this district approved by the Attorney General of United States where the defendant shall be received and safely kept until discharged in due course of law. The above named defendant has been arrested but not yet fully examined by me upon the complaint of ................, charging that on or about .... ........, 19.... at ............ in the ............ District of ...... .......... the defendant did VIOLATE THE NARCOTIC LAWS OF THE UNITED STATES AND JUMPED BAIL. FEDERAL DISTRICT JUDGE SUGARMAN IN NEW YORK HAS ISSUED TWO BENCH WARRANTS FOR HIS ARREST DATED 9/21/65 #65-676 & 65-677 ................................................ in violation of U.S.C. Title ...... Section ......; and he has been directed to furnish bail in the sum of Fifty Thousand——— dollars ($50,-000.00) for his appearance before me at San Juan,. Puerto Rico in accordance with all my orders and directions relating thereto, and he has failed to do so.

Dated: Dec. 27, 1965.          (Signed) Harley A. Miller,
............, 19....                United States Commissioner.
A True Copy. Certified this 27th day of December 1965.
(Signed) Harley A. Miller
         U.S. Commissioner"

"UNITED STATES DISTRICT COURT
For The

|  |  |
|---|---|
|  | Commissioner's Docket No. 1 |
|  | Case No. 16 |
| UNITED STATES OF AMERICA ) | FINAL COMMITMENT |
| v. ) |  |
| CARLOS PAZOS SANTANA AKA ) | of |
| JULIO RODRÍGUEZ ROJA ) |  |
|  ) | CARLOS PAZOS SANTANA |

To: The United States Marshal of the Judicial District of Puerto Rico;
     You are hereby commanded to take the custody of the above named defendant and to commit him with a certified copy of this commitment to the custodian of a place of confinement within the judicial District of Puerto Rico approved by the Attorney General of the United States where the defendant shall be received and safely kept until discharged in due course of law. The above named defendant was arrested upon the complaint of AUSA ANDREW LAWLER SDNY charging that on or about ................, 19...., in the SOUTHERN DISTRICT District of NEW YORK, the defendant did falsely represent to Immigration Officer that he was

herida que presentaba en el abdomen. Un doctor lo examinó y ordenó que le tomaran radiografías.

Una vez tomadas las placas, el guardia penal, por órdenes de una enfermera, llevó al acusado al salón de cirugía. Allí lo dejó acostado en una cama. La enfermera apagó la luz y el guardia penal salió al pasillo. Luego el guardia penal llevó al acusado al servicio sanitario, lo condujo de nuevo a su cama y se retiró al pasillo. El guardia penal sintió un ruido de metal como rompiendo algo, se dirigió al salón, encendió la luz y vio que la cama del acusado estaba vacía y que una ventana "miami" que quedaba frente a la cama del acusado había sido rota. Vio que una sombra se tiraba por el hueco de esa ventana.

Salió en persecución del acusado pero no pudo localizarlo.

El día 19 de abril de 1966 la detective reingresó al acusado en la Cárcel de Distrito de San Juan.

Sostiene el apelante que (1) la acusación no imputa la comisión de un delito, (2) el Tribunal Superior no tenía jurisdicción para juzgarlo y sentenciarlo.

---

a citizen of the United States 18 USC 911

Falsely impersonate another when applying for admission to the U.S. 18 USC 1546

in violation of U.S.C. Title ......, Section ........ Dec. 29    65 and he, (having duly waived preliminary examination it appeared that there is probable cause to believe that the offense so charged has been committed and that he has committed it), has been directed to furnish bond in the sum of $50,000.00 dollars ($50,000.00) for his appearance in the United States District Court for the ........ District of New York at New York, N.Y. in accordance with all orders and directions of the court relative to his appearance before the court, and he failed to do so.
Dated: Dec. 29   1965

> (Signed)   Harley A. Miller
> United States Commissioner.

A True copy Certified this 29 day of Dec.
(Signed)   Harley A. Miller
United States Commissioner
Judicial District of P.R."
(Autos originales, págs. 21 y 22.)

El Art. 152 del Código Penal (33 L.P.R.A. sec. 509) dispone:

"§ 509. **Fuga de presos**

Toda persona bajo custodia legal que se fugare mientras estuviere en prisión preventiva, o en trámite de apelación, o cumpliendo sentencia será castigada por orden sumaria del Tribunal Superior de Puerto Rico conforme a las siguientes penas: (*a*) si estuviere en prisión preventiva incurrirá en delito menos grave sujeto a un término de cárcel no menor de un mes ni mayor de dos años; (*b*) si estuviere cumpliendo sentencia o en trámite de apelación por un delito grave incurrirá en un delito grave sujeto a un término de prisión no menor de un año ni mayor de diez años; (*c*) si estuviere cumpliendo sentencia o en trámite de apelación por un delito menos grave incurrirá en un delito menos grave sujeto a un término de cárcel no menor de un mes ni mayor de cinco años.

Esta pena será en adición a la sentencia que se le impusiere por el otro delito o a la que estuviere cumpliendo, según fuere el caso; *Disponiéndose,* que no será concurrente con ninguna otra." (33 L.P.R.A. pág. 812.)

█ Aunque la acusación en este caso no sigue textualment las palabras del estatuto expone los hechos constitutivos del delito de fuga previsto en el Art. 152. Le informa que estando detenido en reclusión preventiva en la Cárcel de Distrito de San Juan por orden de la Corte de Distrito de los Estados Unidos para Puerto Rico, por voz del Comisionado Harley Miller, se fugó del Hospital Municipal de Santurce donde había sido trasladado bajo la custodia de las autoridades del penal para recibir tratamiento médico y mientras se encontraba bajo dicha custodia. Como veremos más adelante el acusado se fugó estando bajo custodia legal.

La acusación es suficiente.

En la discusión del segundo punto el apelante sostiene:

"Para que una persona pueda ser juzgada en Puerto Rico, es un requisito imprescindible que el delito cometido lo sea contra el Pueblo de Puerto Rico. (Regla 26 de Procedimiento

Criminal). De ahí que sostengamos que cuando la reclusión de un confinado federal en una institución insular es puramente accidental y en virtud de autoridad federal, si ese confinado se fugase, no cometería delito contra el Pueblo de Puerto Rico, ya que la autoridad quebrantada sería la del gobierno de Estados Unidos y no la del gobierno de Puerto Rico."

No tiene razón. Las personas acusadas o convictas de un delito contra las leyes de los Estados Unidos son recluidas en el presidio o en las cárceles de distrito en virtud de una ley de nuestra Asamblea Legislativa. La Ley Núm. 18 de marzo 19 de 1911 (4 L.P.R.A. sec. 579) dispone:

"§ 579. **Confinados federales**

(a) El jefe del presidio y los alcaides de las respectivas cárceles de distrito de Puerto Rico, recibirán y recluirán en dicho presidio y en las mencionadas cárceles de distrito, de acuerdo con los términos del 'mittimus' o auto de prisión que haya expedido autoridad competente, y guardarán con toda seguridad hasta que sean puestas en libertad en el debido curso de la ley, a todas las personas acusadas, o hasta ahora o de aquí en adelante convictas, de un delito contra las leyes de los Estados Unidos.

(b) El jefe del presidio y los alcaides de las respectivas cárceles de distrito, serán responsables si dejaren de recibir y de guardar con toda seguridad a todas las personas, hasta ahora o de aquí en adelante convictas, que les sean entregadas, bajo la autoridad de los Estados Unidos, e incurrirán en los castigos y penalidades señalados a faltas semejantes en el caso de personas recluidas bajo la autoridad de El Pueblo de Puerto Rico.— Marzo 9, 1911, Núm. 18, p. 76, arts. 1, 2, ef. Marzo 9, 1911." (Pág. 547.)

■ Si bien la reclusión de los confinados federales se efectúa en nuestras cárceles en virtud de mandamiento de la autoridad federal, dichos confinados se encuentran bajo custodia legal a los fines del Art. 152 de nuestro Código Penal.

No se encuentran estos confinados federales en situación distinta a aquellas personas naturales de Puerto Rico que

habiendo sido convictas y que se hallen cumpliendo sentencia en una institución penal federal o de cualquiera de los estados de los Estados Unidos de América, el Distrito de Columbia y las Islas Vírgenes, son recluidas en nuestras instituciones penales para que terminen en éstas el término de su reclusión. ([2])

██ La reclusión del acusado en la Cárcel de Distrito de San Juan estaba autorizada por nuestras leyes. Su custodia era legal y al fugarse infringió el Art. 152 del Código Penal.

No tenemos que resolver si el acusado estaba sujeto a ser procesado por violación de las leyes federales que castigan la fuga de los confinados que se encuentran bajo la custodia legal del Procurador de los Estados Unidos de América. Lo que sí resolvemos ahora es que dicho acusado violó nuestro estatuto penal y estaba sujeto a ser procesado ante nuestros tribunales.

*Se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández no intervino.

---

([2]) La Ley Núm. 104 de 22 de junio de 1961 dispone:

"§ 579a. **Confinados en cárceles federales y en Islas Vírgenes, traslado al Estado Libre Asociado de Puerto Rico**

"Se autoriza al Secretario de Justicia de Puerto Rico para aceptar y recluir en las instituciones penales del Estado Libre Asociado de Puerto Rico hasta donde las facultades y medios económicos del Estado Libre Asociado de Puerto Rico lo permitan a personas naturales de Puerto Rico convictas y que se hallen cumpliendo sentencia en una institución penal federal o de cualquiera o de los estados de los Estados Unidos de América, el Distrito de Columbia y las Islas Vírgenes para que estos convictos terminen el término de su reclusión en las instituciones penales de Puerto Rico." (4 L.P.R.A., págs. 547, 548.)