ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| RICARDO ALICEA OTERO Y DAMARIS GARCÍA CRUZ<br><br>Apelante<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE BAYAMÓN; OFICINA DE PLANIFICACIÓN, ORDENAMIENTO TERRITORIAL Y ADMINISTRACIÓN DE FONDOS FEDERALES DEL MUNICIPIO; Y EMANUEL GÓMEZ VÉLEZ, EN SU CAPACIDAD OFICIAL COMO DIRECTOR DE LA OFICINA DE PLANIFICACIÓN DEL MUNICIPIO<br><br>Apelados | KLAN202500411 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV00078<br><br>Sobre: *Injunction* Preliminar y Permanente y *Mandamus* |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de julio de 2025.

Compareció el señor Ricardo Alicea Otero (en adelante, "señor Alicea") y la señora Damaris García Cruz (en adelante, "señora García") (en conjunto, "apelantes") mediante un recurso de apelación presentado el 9 de mayo de 2025. Nos solicitaron la revocación de la *Sentencia* emitida el 18 de febrero de 2025 —notificada el 20 de febrero de 2025— por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "foro primario" o "foro apelado"). En este dictamen, el foro primario declaró ha lugar a una solicitud de desestimación.

Por los fundamentos que expondremos a continuación, se **confirma** la sentencia apelada.

**-I-**

El 8 de enero de 2025, el señor Alicea y la señora García instaron una *Petición Urgente Sobre Injunction Preliminar y Permanente y Mandamus* contra, entre otros, el Municipio Autónomo de Bayamón (en adelante, "Municipio" o "apelado").[1] En esta, arguyeron que, tras un recurso de revisión judicial, esta curia le ordenó a la Oficina de Planificación, Ordenamiento Territorial y Administración de Fondos Federales (en adelante, "Oficina de Planificación") del Municipio que celebrara una vista administrativa tras unas alegaciones de violación al debido proceso de ley del señor Alicea durante un trámite administrativo sobre la recalificación de terrenos municipales.[2] La violación al debido proceso de ley estribó en el hecho de que la Oficina de Planificación utilizó una información *ex parte* que no le fue provista al señor Alicea para la emisión de una *Resolución* en la cual se denegó la recomendación de un Oficial Examinador de reclasificar el terreno disputado como uno comercial. Entonces, razonaron que, como el Municipio se proponía celebrar una vista *adjudicativa* con la incorporación de la información *ex parte*, el foro primario debía intervenir y obligar al ente público a cumplir con lo ordenado utilizando únicamente el expediente administrativo existente.

El 9 de enero de 2025, el foro primario emitió dos órdenes. En una de ellas, la *Orden y Citación*, señaló una vista de *injunction* para el 24 de enero de 2025.[3] Además, dictaminó el diligenciamiento de la copia de este mandato al Municipio a más tardar el 13 de enero de 2025 y especificó que las partes debían proveer un expediente electrónico de la evidencia documental que utilizarían en la audiencia. En la misma fecha, pronunció una *Orden de Entredicho Provisional*.[4] En esta, le ordenó al Municipio a paralizar el trámite

---

[1] Alegato de los apelantes, anejo I, págs. 1-30.
[2] El número del caso referenciado es KLRA202300578 que está fechado al 28 de junio de 2024.
[3] Alegato de los apelantes, anejo VII, págs. 189-191.
[4] *Íd.*, anejo XI, pág. 188.

administrativo, dejando así sin efecto la vista administrativa convocada para el 15 de enero de 2025. En cumplimiento con lo dispuesto por el foro primario, las partes presentaron sus respectivas mociones el 22 de enero de 2025.[5]

El 23 de enero de 2025, el Municipio presentó una *Moción en Solicitud de Desestimación.*[6] En síntesis, arguyó que el foro apelado carecía de jurisdicción para entender el reclamo bajo la doctrina de la ley del caso y que, si se tomaban como ciertos los hechos bien alegados en la *Petición,* de esta no se desprendían sucesos que justificaran la expedición de un *injunction* o *mandamus.* Principalmente, argumentó que no se cumplían con los requisitos de estos recursos y que la *Petición* fue presentada para impedir el cumplimiento del Municipio con la *Sentencia* pronunciada por esta curia. Además, destacó que la facultad de calificación de sus terrenos es discrecional. Asimismo, adujo que era improcedente en derecho que el foro primario determinara cómo el ente gubernamental le daría cumplimiento a la orden decretada por el Tribunal de Apelaciones. Igualmente, razonó que, si el señor Alicea y la señora García estuvieran insatisfechos con el proceder del Municipio luego de la celebración de la vista administrativa, debían acogerse a los remedios de revisión disponibles en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, "LPAU") para los procedimientos adjudicativos llevados a cabo en las agencias gubernamentales.

El 24 de enero de 2025, se llevó a cabo la vista, según pautada. En esta, el foro primario consideró el petitorio presentado por el Municipio y le concedió un término a los apelantes para que

---

[5] *Íd.,* anejos IX y X, págs. 208-211.
[6] *Íd.,* anejo XI, págs. 212-264.

presentaran su oposición escrita. El 13 de febrero de 2025, el señor Alicea y la señora García presentaron su respectiva oposición.[7]

Empero, el 18 de febrero de 2025, el foro apelado pronunció su *Sentencia*, la cual fue notificada el 20 de febrero de 2025.[8] En esta, dejó sin efecto la paralización del trámite administrativo y desestimó la *Petición* con perjuicio. El foro primario razonó que le correspondía al Municipio dar cumplimiento a lo ordenado por el Tribunal de Apelaciones y que no podía incidir sobre cómo el ente gubernamental ejecutaba tal dictamen porque es contrario a la doctrina de la ley del caso. Así, de estar inconformes por lo determinado por la agencia, los apelantes tendrían los remedios de la revisión administrativa y revisión judicial disponibles para impugnar el proceder del Municipio. Además, adujo que los apelantes no tendrían probabilidad de prevalecer si se resolviese el litigio en su fondo por tener otro remedio adecuado en ley. Por tanto, articuló que no procedía la concesión de un *injunction* o *mandamus.*

Inconformes, el 7 de marzo de 2025, el señor Alicea y la señora García presentaron una *Moción Solicitando Reconsideración de Sentencia y, en la Alternativa, Solicitud de Conclusiones de Derecho.*[9] Sin embargo, el foro primario expidió una *Orden* el 7 de marzo de 2025 —notificada el 12 de marzo de 2025— declarando no ha lugar al petitorio de los apelantes.[10]

Insatisfechos aun, el 9 de mayo de 2025, el señor Alicea y la señora García acudieron a este Tribunal mediante el recurso de epígrafe y señalaron los siguientes errores:

> Erró el TPI en su interpretación de la Sentencia dictada por este TA en el caso Núm. KLRA202300578.

> Erró el TPI al declarar Ha Lugar [a] la Moción En Solicitud De Desestimación de la Parte Recurrida, al amparo de la Regla 10.2 de Procedimiento Civil, y desestimar con perjuicio la Demanda ante su conclusión de que las alegaciones de la

---

[7] *Íd.*, anejo XIII, págs. 266-290.
[8] *Íd.*, anejo II, págs. 150-156.
[9] *Íd.*, anejo III, págs. 157-179.
[10] *Íd.*, anejo IV, pág. 180.

> Demanda no exponen hechos que justifiquen la concesión de un remedio, toda vez que la Parte Recurrente: a) no tiene probabilidad de prevalecer al resolverse el litigio en su fondo, y b) tiene otro remedio adecuado en ley recurriendo contra la determinación que finalmente emita la Parte Recurrida, mediante un recurso de revisión administrativa ante el TA.

Por su parte, el Municipio presentó su *Oposición a la Apelación* el 22 de mayo de 2025.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

### A. Regla 10.2 de las de Procedimiento Civil

La Regla 10.2 de las de Procedimiento Civil autoriza al demandado -ya sea en una demanda, reconvención, demanda contra coparte o demanda contra tercero- a presentar una moción de desestimación debidamente fundamentada a esos fines. 32 LPRA Ap. V, R. 10.2. En particular, la precitada regla reconoce los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio o (6) dejar de acumular una parte indispensable. *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

En síntesis, el demandado que formula una moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, *supra*, hace el siguiente planteamiento:

> "**Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero aun así**, no aduce una reclamación que justifique la concesión de un remedio, o no se ha unido una parte indispensable, o **el tribunal no tiene jurisdicción**, etc." Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 5ta ed., LexisNexis, 2010, pág. 269 (énfasis suplido).

Como regla general, el tribunal al momento de adjudicar una moción desestimación bajo la precitada disposición legal, lo hace a base de lo expuesto en la alegación contra la cual se dirige. *Íd.* No obstante, si se alega falta de jurisdicción sobre la persona, el Juez podrá:

> (1) evaluar la moción tomando en consideración sólo las alegaciones de la demanda, o (2) analizar los documentos y declaraciones juradas, si alguno, conjuntamente con las alegaciones y los documentos y contradeclaraciones juradas que presente el demandante en su oposición, o (3) señalar una vista evidenciaria, o (4) posponer la decisión para después de la vista en su fondo.

*Íd.* Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 706 (2012); *Molina v. Supermercado Amigo, Inc.,* 119 DPR 330, 338 (1987).

Sin embargo, el tribunal tiene gran discreción para seleccionar una de las cuatro alternativas antes esbozadas. *Molina v. Supermercado,* supra, pág. 337. Ahora bien, si el juez decide evaluar la moción de desestimación a base de las alegaciones, deberá tomar como ciertos los hechos bien alegados. R. Hernández Colón, *op. cit.,* pág. 270. Es decir, si los hechos no están bien alegados y las conclusiones de derecho en las alegaciones, estos no deben ser considerados por el tribunal. *Íd.*

**B. Interdicto permanente (*injunction*)**

El auto del *injunction* en Puerto Rico está regulado por la Regla 57 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 57, y los Artículos 675 a 687 del Código de Enjuiciamiento Civil, 32 LPRA secs. 3521-3533. Este ha sido reconocido como un recurso extraordinario que "va dirigido a prohibir [u] ordenar la ejecución de determinado acto, con el fin de evitar causar perjuicios inminentes o daños irreparables a alguna persona, en casos en que no hay otro remedio adecuado en ley". *ELA v. Asoc. de Auditores,* 147 DPR 669, 679 (1999). Se caracteriza por su perentoriedad para evitar un daño inminente o a restablecer la ley. *Mun. de Loíza v. Sucns. Suárez et*

*al.,* 154 DPR 333, 366 (2001), citando a *Noriega v. Gobernador,* 130 DPR 919, 932 (1992) y *Peña v. Federación de Esgrima de PR,* 108 DPR 147, 154 (1978). El elemento de daño irreparable ha sido definido como aquel que no puede ser adecuadamente satisfecho mediante la utilización de los remedios legales disponibles y no puede ser apreciado con certeza ni debidamente compensado por cualquier indemnización que pudiera recobrarse en un pleito en ley. *Misión Ind. PR v. JP y AAA,* 142 DPR 656, 681 (1997). Es decir, no quiere decirse que esté fuera de la posibilidad de ser reparado o de ser compensado en una acción de daños y perjuicios, **sino que ha de ser de tan constante y frecuente de repetición** que no pueda obtenerse ningún remedio adecuado o razonable para este en una corte que administra justicia de acuerdo con la ley. *Loíza Sugar Company v. Hernáiz & Albandoz,* 32 DPR 903 (1924).

Por otro lado, el Artículo 677 del Código de Enjuiciamiento Civil dispone los casos en los cuales se podrá conceder este recurso extraordinario, a saber:

(1) Cuando resultare de la petición que el peticionario tiene derecho al remedio solicitado, y dicho remedio, o parte del mismo, consistiere en impedir la comisión o continuación del acto denunciado, bien por un período de tiempo limitado, o perpetuamente.

(2) Cuando de la petición o declaración jurada resultare que la comisión o continuación de algún acto, durante el litigio, habrá de causar pérdidas o daños de consideración o irreparables a alguna de las partes.

(3) Cuando, durante el litigio, resultare que una de las partes está cometiendo, o amenaza cometer, o que se dispone a cometer, o a procurar o permitir que se cometa, algún acto de contrario a los derechos de otra de las partes, con respecto al asunto en litigio y tendente a hacer que sea ineficaz la sentencia.

(4) Cuando una compensación pecuniaria no habría de proporcionar adecuado remedio.

(5) Cuando fuere sumamente difícil precisar la cuantía de la compensación que habría de proporcionar remedio adecuado.

(6) Cuando la restricción fuere necesaria para impedir una multiplicidad de procedimientos judiciales.

(7) Cuando la obligación naciere de un fideicomiso.

32 LPRA sec. 3523.

En lo pertinente, los criterios de evaluación para conceder el remedio extraordinario de un *injunction* permanente son: (1) si el demandante ha prevalecido en un juicio en sus méritos; (2) si el demandante posee algún remedio adecuado en ley; (3) el interés público involucrado, y (4) el balance de equidades. *Plaza Las Américas v. N & H,* 166 DPR 631, 644 (2006).[11]

Así, un *injunction* permanente solo se concederá si se demuestra que no hay otro remedio en ley para evitar un daño. *Mun. de Loíza v. Sucns. Suárez et al.*, supra, pág. 367. Entonces, "[s]e estiman como remedios legales adecuados aquellos que pueden otorgarse en una acción por daños y perjuicios, en una criminal o cualquiera otra disponible". *Misión Ind. PR v. JP y AAA*, supra, pág. 681.

Adviértase que la concesión de un *injunction* descansa en la sana discreción del tribunal, por lo que la determinación judicial no será revocada en apelación a menos que se demuestre que el foro primario abusó de su facultad discrecional. *ELA v. Asoc. de Auditores*, supra, pág. 680.

## C. *Mandamus*

El recurso de *mandamus* es uno extraordinario que se reputa como:

> [A]ltamente privilegiado dictado por el Tribunal Supremo del Estado Libre Asociado, o por el Tribunal de Primera Instancia de Puerto Rico, a nombre del Estado Libre Asociado de Puerto Rico, y dirigido a alguna persona o personas naturales, a una corporación o a un tribunal judicial de inferior categoría dentro de su jurisdicción requiriéndoles para el cumplimiento de algún acto que en dicho auto se exprese y que esté dentro de sus atribuciones o deberes.

---

[11] Los criterios para la concesión de un entredicho provisional o un *injunction* preliminar son los siguientes: 1) la naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el *injunction*; 2) su irreparabilidad o la existencia de un remedio adecuado en ley; 3) la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo; 4) la probabilidad de que la causa se torne en académica de no concederse el *injunction* y, sobre todo, y 5) el posible impacto sobre el interés público del remedio que se solicita. Regla 57.3 de las de Procedimiento Civil, *supra.* Véase *PR Telephone Co. v. Tribunal Superior*, 103 DPR 200, 202 (1975).

> Dicho auto no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo.

Artículo 649 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 3421.

Este auto faculta la intervención de los tribunales para que estos le ordenen a cierta entidad o persona a que "cumpla o ejecute un acto que forma parte de sus deberes y atribuciones". *Carrasquillo Román v. Inst. Correccional*, 204 DPR 699, 713 (2020), citando a 32 LPRA sec. 3421 y 32 LPRA Ap. V, R. 54; *Acevedo Vilá v. Aponte Hernández*, 168 DPR 443, 454 (2006). La expedición de un recurso de *mandamus* no es una cuestión de derecho, sino que "descansa en la sana discreción del foro judicial". *Íd.*, citando a *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 266 (2010). Así, el propósito de este mecanismo es exigir el cumplimiento con un deber ministerial o impuesto por la ley. Este deber conlleva una función pública que no permite desobediencia porque es indispensable que se efectúe. *Íd.*; *AMPR v. Srio. Educación E.L.A.*, supra, pág. 263. Véase *Acevedo Vilá v. Aponte Hernández*, supra, págs. 454-455, 458.

Un requisito categórico para la expedición de un recurso de *mandamus* es que el deber referido esté "claramente definido en la ley y que esta le exija [ejecutarlo]". *Carrasquillo Román v. Inst. Correccional*, supra, págs. 713-714. Es importante puntualizar que el deber ministerial "no tiene que ser necesariamente expreso, pues tal supuesto reduciría la función exclusiva [de un tribunal] de interpretar la Constitución y las leyes" *AMPR v. Srio. Educación E.L.A.*, supra, pág. 264. Por ello, la interpretación judicial es fundamental para precisar la existencia de un deber de tal envergadura, según el significado y propósito de la ley. *Íd.*, págs. 264 y 266.

Aquel individuo que "se vea afectad[o] por el incumplimiento del deber" tiene legitimación activa para peticionar un *mandamus*. *Íd.*, pág. 265. Empero, antes de llevar la solicitud al foro judicial,

como regla general, se le debe haber requerido previamente el cumplimiento del deber al funcionario público o privado que lo infringe. *Íd.*, pág. 267. Esto supone que el peticionario deberá probar "la existencia de un deber ministerial que no ha sido cumplido por el funcionario público contra quien se ha presentado el recurso". *Íd.*, pág. 269. En su oposición, el funcionario o entidad que se le imputa el incumplir con sus deberes, debe demostrar que la expedición del auto menoscabaría el interés público o que lo que se ordena es irrealizable. *Íd.*, págs. 269-270. Para evidenciar esto, el ente no puede descansar en meras alegaciones y debe colocar apropiadamente al tribunal en posición para resolver. *Íd.*

El tribunal que evalúe una petición de *mandamus* deberá considerar el efecto que su decisión tendría sobre el interés público, balanceando así los intereses involucrados. *Íd.*, pág. 268. Esto se considera como "el factor más importante al evaluarse la concesión de un auto de *mandamus*". *Íd.*, págs. 268-269. Además, deberá analizar si la expedición del recurso supondría una intromisión indebida en las funciones gubernamentales y velar por que su determinación no perjudique los derechos de terceros. *Díaz Saldaña v. Acevedo Vilá*, 168 DPR 359, 366 (2006).

**D. Ley del caso**

Es norma reiterada que, cuando una determinación judicial adviene final y firme, los derechos y obligaciones contenidas en ella constituyen la ley del caso. *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 8 (2016); *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005); *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 606 (2000); *Sánchez Rodríguez v. López Jiménez*, 118 DPR 701, 704 (1987). Por esto, "de ordinario, las controversias adjudicadas por el foro primario o por un tribunal apelativo no pueden rexaminarse". *Cacho Pérez v. Hatton Gotay y otros*, supra, pág. 9; *Mgmt. Adm. Servs. Corp. v. E.L.A.*, supra, pág. 607. Como norma general, los dictámenes

finales obligan al tribunal de instancia y al que los promulgó, si el caso será entendido nuevamente por el foro apelativo. *Félix v. Las Haciendas*, supra, pág. 843. Se considera entonces que, la doctrina de la ley del caso "es una manifestación necesaria y conveniente del principio reconocido de que las adjudicaciones deben tener fin". *Srio. del Trabajo v. Tribunal Superior*, 95 DPR 136, 141 (1967).

En particular, los dictámenes judiciales que se consideran como ley del caso abarcan las cuestiones finales adjudicadas por el tribunal. *Félix v. Las Haciendas*, supra, pág. 843. Por lo tanto, la doctrina se invoca cuando hay una determinación final de la controversia en sus méritos. *Íd.*

Sin embargo, la doctrina de la ley del caso no es absoluta, aunque responde a la práctica de que las controversias previamente adjudicadas judicialmente sean respetadas. *Mgmt. Adm. Servs. Corp. v. ELA*, supra, pág. 607. Esto implica que, en circunstancias insólitas, si el caso regresa ante la consideración de cierto tribunal y este discierne que sus determinaciones anteriores son incorrectas y que podrían desatar una injusticia evidente, puede aplicar una norma de derecho diferente.

En conclusión, la "doctrina de la 'ley del caso' es una manifestación necesaria y conveniente del principio reconocido de que las adjudicaciones deben tener fin". *Srio. del Trabajo v. Tribunal Superior*, 95 DPR 141 (1967). Por ello, esta doctrina solo se puede prescindir cuando el dictamen previo vulnera los principios fundamentales de la justicia. *Noriega v. Gobernador*, 130 DPR 919, 931 (1992).

**-III-**

En síntesis, los apelantes alegaron que el foro primario incidió en su interpretación de la *Sentencia* emitida por esta curia y por haber declarado ha lugar a la *Moción en Solicitud de Desestimación* presentada por el apelado. En específico, arguyeron que el Municipio

pretendía celebrar una vista *adjudicativa* para introducir y utilizar la información *ex parte,* en la cual basó su decisión de descartar la recomendación del Oficial Examinador sobre clasificar un terreno perteneciente al señor Alicea y la señora García como uno comercial, para disponer del caso. Además, sostuvieron que el Municipio debería limitarse a considerar solamente la información en el expediente mientras se lleva a cabo una vista *administrativa* y no una *adjudicativa.* Especificaron que el proceso de recalificación de terrenos es uno cuasi-legislativo y esto no permite la celebración de una vista adjudicativa. Así, la resolución final que habría de emitir el ente administrativo debía basarse únicamente en el expediente, lo cual es su deber ministerial. Asimismo, plantearon que las acciones del Municipio serían contrarias a la ley del caso, por lo cual el foro primario tendría la autoridad para intervenir.

Por su parte, el Municipio explicó que la información *ex parte* utilizada se empleó porque la Autoridad de Carreteras y Transportación (en adelante, "ACT") había expropiado previamente dos solares de la finca perteneciente al señor Alicea y la señora García, y que, debido a los proyectos pendientes, esa agencia tendría que expropiar eventualmente el solar completo. También, precisó que la *Sentencia* emitida por este foro les obliga a celebrar una vista *administrativa* para garantizarles el debido proceso de ley a los apelantes porque les daría la oportunidad de refutar la información *ex parte* utilizada por el Municipio para denegar la recalificación. Es decir, esta vista administrativa versaría sobre los pormenores de esa información y se les permitiría a los apelantes impugnar esa actuación gubernamental conforme a derecho. Asimismo, recalcó que el señor Alicea y la señora García tendrían el remedio de la revisión administrativa si estos quedasen inconformes con la determinación final que pronuncie el Municipio. Por último, reseñó que el foro apelativo no limitó la vista administrativa al expediente del caso, sino

que solo indicó que se debía celebrar una, y esto es lo que el ente gubernamental se propone hacer.

De entrada, precisamos que discutiremos ambos señalamientos de error en conjunto por estos estar estrechamente relacionados.

Según explicamos, la doctrina de la ley del caso establece que, cuando recae una sentencia final y firme de un tribunal apelativo, esta se convierte en lo que vinculará a las partes y al tribunal inferior en lo que deben cumplir u ordenar. Es decir, cuando existe un dictamen definitivo pronunciado por un foro de mayor jerarquía, este debe ser respetado y los involucrados le deben dar fiel cumplimiento a lo que allí se disponga.

En este caso, existe una *Sentencia* previa de otro Panel Hermano de este Tribunal de Apelaciones, la cual citaremos por su relevancia para el presente recurso. En su parte pertinente, en esa *Sentencia* se dispuso lo siguiente:

> Sin embargo, luego de completado el expediente administrativo la Oficina de Planificación tuvo conocimiento a través de la ACT, que el predio a ser recalificado será afectado por la construcción de la carretera PR-5. Por otro lado, también advino en conocimiento de que alegadamente, existen casos de expropiación por parte de la ACT. Como resultado de lo anterior, la Oficina de Planificación emitió la resolución recurrida, denegando la solicitud por entender que el predio se encuentra en un proceso de expropiación y que además será afectado por la carretera PR-5.
>
> Es harto conocido que una agencia administrativa tiene que salvaguardar garantías mínimas procesales establecidas en la Sección 3.1 de la Ley Núm. 38-2017, *supra*. Pues, toda parte que participa en el procedimiento administrativo tiene derecho a que la decisión sea basada en el expediente.
>
> Resulta claro que la Oficina de Planificación, al emitir su decreto, utilizó como fundamento la carta y la comunicación obtenida de forma *ex parte*. Esa prueba se obtuvo con posterioridad a la vista y no le fue notificada al Sr. Alicea. En otras palabras, no se le otorgó al recurrente la oportunidad de examinar la carta y corroborar la alegada expropiación. Además, hemos constatado que la carta en controversia no formó parte del expediente administrativo, conforme requiere la normativa jurídica.
>
> Hay que tener presente, que el Tribunal Supremo ya ha resuelto que una agencia no puede recibir información oral o escrita de otro organismo administrativo luego de la vista. Pues de lo contrario, se estarían trastocando los derechos de las partes a contrainterrogar, presentar prueba en contrario y argumentar en su favor. Con su actuación, la Oficina de Planificación llegó a una determinación basada en

una prueba que no se discutió en la vista y que, a todas luces, no obra en el expediente. Esta violación al debido proceso de ley acarrea la inevitable revocación de la *Resolución* recurrida. Repetimos,

> [el] **derecho a una vista pública no tendría sentido alguno** si se permitiera [al organismo administrativo] **fundar su decisión en evidencia recibida sin el conocimiento de las partes, fuera de la audiencia, sin dar a las partes interesadas la oportunidad de rebatirla o explicarla** mediante la repregunta o la presentación de otra evidencia en contrario. Énfasis nuestro.

### IV.

Por los fundamentos esbozados, revocamos la *Resolución* recurrida y devolvemos el caso a la Oficina de Planificación para que celebre una vista administrativa a tenor con lo dispuesto en esta Sentencia.

**Notifíquese.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Cintrón Cintrón disiente sin opinión escrita.

*Ricardo Alicea v. Mun. Bayamón*, KLRA202300578, Sentencia emitida el 28 de junio de 2024, págs. 13-15 (negrillas e itálico en original, subrayado nuestro y notas al calce omitidas).

Por sus propios términos, la *Sentencia* aludida le ordenó al Municipio a celebrar una vista administrativa mediante la cual se le diera la oportunidad a los aquí apelantes de confrontar la evidencia, examinarla, corroborarla e, incluso, de presentar prueba en contrario. La referida determinación judicial se convirtió en final y firme.

Así las cosas, el Municipio de Bayamón emitió una *Resolución y Orden,* que se encuentra en la página número núm. 115 del Apéndice de los apelantes, mediante la cual citó a las partes involucradas a una vista administrativa. En específico, esta dispuso lo siguiente:

> En cumplimiento con la Sentencia emitida por el Tribunal de Apelaciones de Puerto Rico el 28 de junio de 2024 en el caso KLRA202300578…, y el consecuente mandato emitido por el referido Tribunal el 26 de septiembre, se cita a las partes a una Vista Administrativa…".

*Íd.*

Cabe mencionar que en el "Asunto" de la citación, también se consignó que se celebraría una "vista administrativa en cumplimiento con [la] ORDEN emitida por el Tribunal de Apelaciones en [la] Sentencia Dictada en el Caso Número KLRA202300578". *Íd.*

Nos parece evidente que el propósito de la vista señalada por el Municipio es darle cumplimiento al mandato impuesto por este foro, ofreciéndoles la oportunidad a los apelantes para que estos se confrontaran con la evidencia *ex parte*. En otras palabras, colegimos que el Municipio actuó según la ley del caso.

Ahora bien, los apelantes arguyen que las acciones del Municipio tras nuestro pronunciamiento son contrarias a la ley del caso, debido a que el ente gubernamental se propone celebrar una vista adjudicativa con el pretexto de intercalar la información *ex parte* polemizada, lo cual sería contrario a su debido proceso de ley. Por ello, además, argumentan que el foro primario erró en su interpretación de nuestra *Sentencia* previa. Asimismo, sostienen que, en la medida en que la reclasificación es un proceso cuasi-legislativo, lo único que resta es que se emita una resolución final que se fundamente únicamente en el expediente administrativo; es decir, aduce que es innecesaria la celebración de una vista administrativa en la que se presente la evidencia *ex parte* considerada para denegar inicialmente la reclasificación del uso del predio.

Sus argumentos no nos persuaden. No celebrar la vista ordenada con el propósito de darle la oportunidad a los apelantes de confrontar la evidencia *ex parte* utilizada para denegar la recalificación, sería contrario al mandato judicial. La ley del caso debe ser avalada y acatada salvo cuando el propio foro apelativo determine que su aplicación es incorrecta o que pudiese causar una injusticia considerable que vulnere los principios de nuestro sistema judicial. Sin embargo, ninguno de los argumentos de los apelantes nos mueve a concluir que en el presente caso aplique tal excepción.

Por el contrario, reiteramos que la *Sentencia* aludida le ordena al Municipio a celebrar una vista administrativa porque este basó su *Resolución* en información *ex parte* u obtenida luego de la formación del correspondiente expediente administrativo, privándole así a los

apelantes de su derecho a refutar o estudiarla. Esto es precisamente lo que el Municipio está en curso de remediar al citar la referida vista administrativa. Cabe señalar que, según la definición contenida en el Glosario de términos del Reglamento Conjunto 2020, Reglamento Núm. 9233 de 2 de diciembre de 2020 (en adelante, "Reglamento Conjunto"), una *vista administrativa* es una "[v]ista ordenada para oír a partes interesadas, reconocidas de antemano, sobre un asunto en particular...". *Íd.*, pág. 892.

Vale señalar que, si los apelantes no estaban conformes con el dictamen judicial aludido, el remedio que tenían contra la *Sentencia* dictada en el caso *Ricardo Alicea v. Mun. Bayamón*, KLRA202300578, supra, era recurrir en revisión al Tribunal Supremo. Sin embargo, la referida *Sentencia* advino final y firme, de manera que, a la fecha del presente dictamen, esta constituye la ley del caso. En fin, el actual caso no puede ser otro turno al bate para que los apelantes vuelvan a plantear asuntos previamente decididos por un tribunal. Entendemos, pues, que no erró el foro primario en su interpretación de la *Sentencia* de referencia.

Por otro lado, el señor Alicea y la señora García acudieron al foro primario mediante los recursos extraordinarios de *injunction* y *mandamus* para que este le ordenara al Municipio a cumplir cabalmente con lo dispuesto en la *Sentencia*. Sin embargo, el foro apelado determinó que procedía la desestimación de las causas toda vez que los apelantes no tenían probabilidad de prevalecer y porque existía otro remedio adecuado en ley, el de la revisión administrativa. De este modo, desestimó el recurso de *injunction* y *mandamus* incoado con perjuicio.

Como hemos discutido, el *injunction* es un recurso extraordinario y discrecional que tiene como objetivo la paralización de cierta acción para que esta no provoque un perjuicio inminente o perpetúe algún daño irreparable **cuando *no existe un remedio***

***alterno en la ley***. Véase *ELA v. Asoc. de Auditores,* 147 DPR 669, 679 (1999). En otras palabras, el auto de un interdicto **solo** es procedente cuando **no** se halla otro reparo en el ordenamiento jurídico.

En el recurso de epígrafe, el foro primario concluyó que no procedía el auto de *injunction* y de *mandamus* porque existe otro remedio en la ley. En efecto, colegimos que el señor Alicea y la señora García no cumplen con este requisito indispensable para ambos recursos extraordinarios, debido a que *existe otro remedio en ley para impugnar el dictamen posterior* que ha de pronunciar el Municipio: la **revisión administrativa junto con la eventual revisión judicial**. Véase, *Mun. de Loíza v. Sucns. Suárez et al.*, supra, pág. 367; *ELA v. Asoc. de Auditores,* supra, pág. 679. Véase, además, Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423.

Vale señalar que, si bien el proceso de reclasificación se considera como uno cuasi-legislativo, este goza de varias características de un proceso adjudicativo cuando se trata de la concesión de la reclasificación entre una o varias partes específicas. Más importante aún, es trascendental destacar en este punto que, en el caso *Ricardo Alicea v. Mun. Bayamón,* KLRA202300578, supra, se determinó que la resolución final que emite un municipio se revisa ante el Tribunal de Apelaciones y que esta debe cumplir con los requisitos mínimos y contener los apercibimientos sobre la solicitud de reconsideración o revisión ante este foro. En específico, es menester recordar lo que el Tribunal dispuso sobre este tema, a saber:

> [e]l Sr. Alicea, aduce que erró la Oficina de Planificación al notificar la resolución recurrida sin las advertencias adecuadas sobre el recurso de revisión disponible y además, sin la expresión de los términos. Veamos.
> Al examinar la resolución fechada el 13 de octubre de 2023, mediante la cual el Sr. Alicea fue notificado de la denegación de su solicitud, observamos que dicha comunicación no cumple con los requisitos mínimos que requiere el debido proceso de ley, antes discutidos. La misma no contiene apercibimiento alguno para solicitar reconsideración o **revisión ante el Tribunal Apelativo**, ni de qué término tiene disponible para ello, conforme dispone la Ley Núm. 37-2017, *supra.*

Por lo tanto, <u>resulta obligatorio concluir que la notificación que se le cursó al Sr. Alicea fue defectuosa</u> por no cumplir con los requisitos mínimos que establece nuestro ordenamiento jurídico. Como expusimos, la notificación correcta es característica imprescindible del debido proceso de ley, y no constituye un mero requisito. No habiéndose informado al Sr. Alicea de los derechos procesales que le asisten, no comenzó a decursar el término para acudir en apelación o revisión judicial. Así, el término dentro del cual debió interponerse el correspondiente recurso quedó sujeto a la doctrina de incuria.

Ante este cuadro, <u>colegimos que el Sr. Alicea compareció ante esta Curia dentro del término establecido en la Ley Núm. 37-2017</u>, *supra*. Aclaramos, que una falta o insuficiencia en el contenido de una notificación, privan al foro apelativo de su jurisdicción, pues el transcurso del tiempo para la revisión no ha comenzado a transcurrir. Sin embargo, nuestro más Alto Foro, ya ha resuelto que, "[h]abiendo la parte presentado su recurso y ante la ausencia de la doctrina de incuria el Tribunal de Apelaciones debe resolverlo en los méritos." Por lo tanto, aunque el error señalado por el Sr. Alicea fue cometido, ante la ausencia de incuria, atenderemos el recurso en sus méritos.

*Ricardo Alicea v. Mun. Bayamón*, KLRA202300578, Sentencia emitida el 28 de junio de 2024, págs. 11-12. (Negrillas y subrayado nuestro. Notas al calce omitidas).

Por todo lo anterior, colegimos que el foro apelado actuó correctamente al desestimar el recurso de *injunction* y *mandamus* instado por el señor Alicea y la señora García con perjuicio, debido a que aún conservan el remedio de la revisión administrativa y judicial para cuestionar la determinación final subsiguiente del Municipio.

**-IV-**

Por los fundamentos previamente expuestos, se **confirma** la sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones